UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ROBERT HOEFT,<br>Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | 4:26-CV-04047-KES<br><br>ORDER DENYING<br>MOTION TO AMEND<br>DOCKET NO. 26 |

**INTRODUCTION**

Pending before the court is movant Michael Robert Hoeft's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. Mr. Hoeft has moved the court to amend his original motion to add another claim of ineffective assistance of counsel. See Docket No. 26. For the reasons discussed below, the court denies that motion.

**FACTS**

Mr. Hoeft wishes to assert a claim for ineffective assistance of his former counsel for failing to challenge charges recited in his presentence investigation report ("PSR"), for "fighting with police" from 2021 that Mr. Hoeft says were not true. Docket No. 26. Mr. Hoeft states that he never knew this arrest was listed in his presentence investigation report (PSR) because his former counsel never

showed him his PSR. Id. Mr. Hoeft claims his former counsel typed up his own alternative version of a PSR and that fraudulent document is what counsel showed to Mr. Hoeft. Id.

There are two arrests recited in Mr. Hoeft's PSR that were in 2021 for charges that could be characterized as "fighting with police." First, there is a notation that he was arrested on September 24, 2021, for a litany of charges, one of which was resisting arrest. United States v. Hoeft, 4:21-CR-40163-KES (hereinafter "CR") Docket No. 151 at 18, ¶ 66 (DSD July 24, 2023). The PSR listed the status of these arrests on the date the PSR was written as "dismissed." Id. No criminal history points were assessed for these arrests under the United States Sentencing Guidelines (USSG) and the PSR did not indicate that a conviction had been obtained. Id. at 14, ¶ 52; id. at 18, ¶ 66.

Similarly, there is a notation that Mr. Hoeft was arrested on October 18, 2021, on charges of resisting arrest and obstructing an officer/jailer. Id. at 15, ¶ 59. The PSR listed the status of this arrest as "pending" at the time the PSR was issued. Id. No criminal history points were assessed for this arrest under the USSG and the PSR did not indicate that a conviction had been obtained on the arrest. Id. at 14, ¶ 52; id. at 15, ¶ 59. There are no other criminal charges in Mr. Hoeft's PSR that stem from 2021 that could be characterized as "fighting with police."

## DISCUSSION

### A. Standards Applicable to Motions to Amend and Claims of Ineffective Assistance of Counsel

The Federal Rules of Civil Procedure are applicable to § 2255 habeas actions so long as the procedural rules do not conflict with the habeas statutes or the Rules Governing Section 2255 Cases in the United States District Courts ("Governing Rules"). See Governing Rule 12. Under Federal Rule of Civil Procedure 15(a), motions to amend should be freely given in order to promote justice. Plymouth Cty., Iowa v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2014); FED. R. CIV. P. 15(a). However, motions to amend should be denied when the amendment would be futile. Id.; Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (citing Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)).

"When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-688 (1984). The defendant must also show that counsel's unreasonable errors or deficiencies prejudiced the defense and affected the judgment. Id. at 691-92.

### B. Application of the Standard to Mr. Hoeft's Motion

First, the court rejects as frivolous and unsupported the assertion by Mr. Hoeft that his former counsel engaged in an elaborate subterfuge by typing

up a substitute fake PSR and showing that to Mr. Hoeft while keeping the real PSR from Mr. Hoeft. The sentencing hearing reflects that counsel represented to the district court that he received the (real) PSR and reviewed it with Mr. Hoeft. CR Docket No. 166 at 2.

But even if Mr. Hoeft's assertion were true, the court would still deny his motion to amend as futile because he cannot show prejudice under Strickland. As noted above, although the PSR recited two arrests of Mr. Hoeft in 2021 for charges that could be considered to be "fighting with police," the PSR indicated neither arrest had resulted in a conviction at the time of sentencing. Neither arrest added any criminal history points to Mr. Hoeft's criminal history score under the USSG. So even if counsel was ineffective for failing to challenge the recitation of these arrests in the PSR, there was no prejudice to Mr. Hoeft. Those arrests did not serve to affect his advisory sentence under USSG nor did the arrests affect the criminal history category Mr. Hoeft was in under the USSG.

Nor is there any evidence that the arrests *subjectively* influenced the district court to sentence Mr. Hoeft more harshly. Mr. Hoeft's advisory USSG sentencing range was 168 to 210 months' imprisonment without consideration or impact due to the two 2021 arrests. CR Docket No. 151 at 22, ¶ 92. And the court sentenced Mr. Hoeft to the very bottom of that sentencing range: 168 months. CR Docket No. 156. If the recitation of the two arrests had had some subjective, inflammatory effect on the district court, it is likely the court would

have viewed that advisory USSG range as not fully capturing the seriousness of Mr. Hoeft's criminal history and would have imposed a sentence higher than the bare minimum. The court did not do so. There is no evidence in the record that the recitation of these two 2021 arrests in the PSR prejudiced Mr. Hoeft in any way.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that Mr. Hoeft's [Docket No. 26] motion to amend his original § 2255 motion to add a new claim of ineffective assistance of counsel for failure to object to a 2021 arrest recited in the PSR for fighting with police is denied. Such an amendment, if allowed, would be futile because no prejudice to Mr. Hoeft arose due to the alleged error of counsel.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in

order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 16th day of October, 2026.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge