UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL ROBERT HOEFT,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | 4:26-CV-04047-KES<br><br>ORDER DENYING<br>MOTIONS FOR DISCOVERY<br>DOCKET NOS. 28 & 29 |

**INTRODUCTION**

Pending before the court is movant Michael Robert Hoeft's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. Mr. Hoeft has moved the court to allow certain discovery. See Docket No. 28 & 28-2, and 29. For the reasons discussed below, the court denies both motions.

**DISCUSSION**

Discovery in the context of a § 2255 petition is the subject of Rule 6 of the Rules Governing Section 2255 cases in the United States District Courts. That rule provides:

> **Rule 6. Discovery**
>
> (a) **Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules

of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

(b) **Requesting Discovery.** A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

(c) **Deposition expenses.** If the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Newton v. Kemna, 354 F.3d 776, 783 (8th Cir. 2004); Bracy v. Gramly, 520 U.S. 899, 904 (1997). The Newton Court explained that "[u]nder Bracy, a habeas court must identify the essential elements of the petitioner's substantive claim, evaluate whether specific allegations . . . show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, and, if the petitioner has made such allegations, provide the necessary facilities and procedures for an adequate inquiry." Newton, 354 F.3d at 783 (citations omitted, internal punctuation altered).

**1. Requests for Admission—Docket No. 28**

Mr. Hoeft seeks to serve the government with nine requests for admission. See Docket No. 28-2. The requests for admission and the court's reasons for refusing each request are as follows.

1. [Admit] that Mark Hodge[s] falsely testified to my jury during final closing remarks when he said, "you heard for yourselves testimony about sharing and sharing is distribution." That it affected the jury's verdict prejudicially.

**Court's Reasons for Denying**: this topic was addressed at length in the court's report and recommendation (R & R) filed this same date. An attorney's closing argument is not evidence, so Mr. Hodges was not "testifying." Mr. Hoeft's characterization of Mr. Hodges' closing argument is wrong, as evidenced by the court's detailed recitation in the R & R of what the jury trial transcript reports that Mr. Hodges said in closing. And what Mr. Hodges actually said in closing argument was supported by the evidence adduced at trial.

2. [Admit] that Mark Hodge[s] knew that [Lisa] Abrahamson's statements were in an actual police report and knowingly elicited testimonial hearsay from officers to prove the matter asserted.

**Court's Reasons for Denying:** this topic was also addressed at length in the court's R & R. Mr. Hoeft's constitutional rights were not violated by either the government's or his own lawyers' failure to call Lisa Abramson as a witness at the suppression hearing or at trial.

3. [Admit] that federal law enforcement or local used a confidential source or informant to attempt purchasing methamphetamine from me. That it was Starlene Smith as CS/CI.

**Court's Reasons for Denying:** this topic was addressed at length in the court's R & R. Even if the government--federal or local--in fact used Starlene Smith as a confidential informant to try to purchase methamphetamine from Mr. Hoeft, Mr. Hoeft cannot prevail on such a claim, either as a direct claim against the government or as a claim of ineffective assistance of counsel.

4. [Admit] that law enforcement had Starlene Smith contact me again, and put me on the phone with Chris Daniels to attempt to entrap me into their ongoing conspiracy.

**Court's Reasons for Denying:** see above explanation in response to request to admit number three.

5. [Admit] that Brandon Purcell was aware of facts in #3 & #4 above when he falsely testified to my jury.

**Court's Reasons for Denying:** see above explanation in response to request to admit number three. In addition, the court notes that at no time was Agent Purcell asked whether he or another law enforcement agent employed Starlene Smith as a confidential informant to try to make a controlled buy from Mr. Hoeft, so Agent Purcell never "falsely testified." A witness may not merely divulge everything he knows when called to testify, but must respond to questions that are asked. Therefore, any omission of testimony about Smith by Agent Purcell is not false testimony if Agent Purcell was never asked a question that reasonably should have required disclosure of Smith.

6. [Admit] that Mark Hodge[s] was aware of #3, 4 & 5 above and did not correct Purcell[']s false testimony.

**<u>Court's Reasons for Denying:</u>** see above explanation in response to request to admit number three and five.

7. [Admit] that Mark Hodge[s] knowingly elicited false testimony and allowed it to go uncorrected.

**<u>Court's Reasons for Denying:</u>** if Mr. Hoeft is referring to the Starlene Smith issue, the court denies Mr. Hoeft permission to serve this discovery request for the reasons stated above as to requests to admit three and five. If this request does not refer to Smith, the court denies the request to serve this discovery because it is too vague and would not elicit a meaningful response from the government in any case.

8. [Admit] that Hodge[s] and Purcell (or [P]orcell) hid information that was exculpatory and/or impeaching to Purcell[']s testimony prejudicing the verdict in my case.

**<u>Court's Reasons for Denying:</u>** if Mr. Hoeft is referring to the Starlene Smith issue, the court denies Mr. Hoeft permission to serve this discovery request for the reasons stated above as to requests to admit three and five. If this request does not refer to Smith, the court denies the request to serve this discovery because it is too vague and would not elicit a meaningful response from the government in any case.

9. [Admit that Sioux Falls Police Officer] Justin U[m]thum did not have a reasonable suspicion of criminal activity, as evidenced by his suppression testimony when he blocked the only egress. This admission and the other 8 are supported by the record.

**Court's Reasons for Denying:** this issue was discussed in the court's R & R. Officer Umthum's testimony speaks for itself. The legal significance of that testimony is a matter of law for the court to decide.

Mr. Hoeft has not shown good cause for any of these requests to admit. In this court's R & R, the court has concluded that Mr. Hoeft cannot demonstrate he is entitled to relief, even if he is allowed to develop these facts through the proposed discovery. Newton, 354 F.3d at 783. Accordingly, the court denies his request to serve these discovery requests on the government.

**2. Requests for Affidavits—Docket No. 29**

In his motion requesting affidavits, Mr. Hoeft writes "[a] motion before this court to order an affidavit from Mark Hodge[s] AUSA, and an affidavit from Brandon Purcell. If there are priviledged [sic] information, then redact, or in camera review of the court." See Docket No. 29.

Mr. Hoeft never describes what the *content* of these affidavits should be. See id. If he desires affidavits on the same subjects as his requests for admission as set forth in Docket No. 28-2, then the court denies his motion for affidavits for the same reasons given above. If Mr. Hoeft has some other subject matter he thinks the affidavits should cover, his request is denied

because it is too vague in that he never tells the court what subjects the desired affidavits should cover.

## CONCLUSION

Based on the foregoing facts, law, and analysis, it is hereby

ORDERED that Mr. Hoeft's motion for discovery [Docket No. 28], and his motion for affidavits [Docket No. 29] are denied.

## NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections unless an extension of time for good cause is obtained. FED. R. CIV. P. 6(b)(1), 72(a). Failure to file timely objections will result in the waiver of the right to appeal this ruling. United States v. Becerra, 73 F.4th 966, 972-73 (8th Cir. 2023). Objections must be specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990).

DATED this 16th day of October, 2026.

BY THE COURT:

Veronica L. Duffy

VERONICA L. DUFFY
United States Magistrate Judge